ORIGINAL

## In the United States Court of Federal Claims

No. 13-845T

FILED

FEB - 3 2014

U.S. COURT OF
FEDERAL CLAIMS

(Filed: February 3, 2014)

| | | |
|---|---|---|
| DEBRA K. CLARK, | ) | Pro se Plaintiff; Motion for |
| | ) | Reconsideration, RCFC 59(a), |
| Plaintiff, | ) | RCFC 60; Transfer under 28 |
| | ) | U.S.C. § 1631; Meaning of |
| v. | ) | "court" under 28 U.S.C. § 610; |
| | ) | Transfer to Tax Court Improper |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

Debra K. Clark, Springfield, VA, pro se.

Mark A. Ryan, with whom were Kathryn Keneally, Assistant Attorney General, Tax Division, David I. Pincus, Chief, Court of Federal Claims Section, and G. Robson Stewart, Assistant Chief, Court of Federal Claims Section, United States Department of Justice, Washington, DC, for defendant.

### OPINION AND ORDER

**CAMPBELL-SMITH, Judge.**

Plaintiff filed a complaint in this court on October 29, 2013, contesting a Notice of Deficiency she had received from the Internal Revenue Service. See Compl., Dkt. No. 1. The court requested that plaintiff state whether she had paid the tax at issue in her suit to assist the court in determining whether it had jurisdiction over plaintiff's claim. Order, Nov. 12, 2013, Dkt. No. 5 (citing Flora v. United States, 357 U.S. 63, 75 (1958)); see also Order, Dec. 5, 2013, Dkt. No. 6 (requesting plaintiff's response again after plaintiff did not respond to the court's first request). Plaintiff filed a motion to transfer her complaint to the Tax Court on December 30, 2013. See Mot. to Transfer, Dkt. No. 9. The court granted plaintiff's motion on January 2, 2014. Opinion and Order, Dkt. No. 10.

Defendant filed a motion for reconsideration pursuant to Rules of the United States Court of Federal Claims (RCFC) 59(a), or in the alternative RCFC 60, on January 7, 2014, contending that the court does not have the statutory authority to transfer plaintiff's complaint to the United States Tax Court. See Mot. Recons., Dkt. No. 12.

The court requested plaintiff's response to the motion by January 23, 2014. See Order, Jan. 8, 2014, Dkt. No. 13. Plaintiff has not responded to the court's request for her response to the motion. For the reasons explained below, the court grants defendant's motion for reconsideration, rescinds the direction to transfer the case, denies plaintiff's motion to transfer, and dismisses plaintiff's complaint without prejudice.

I.      Applicable Legal Standards

RCFC 59(a) provides that "[t]he court may, on motion, grant . . . a motion for reconsideration . . . upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States." RCFC 59(a)(1)(c). RCFC 60 describes forms of relief from a judgment or order: "The court may correct a . . . mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. . . . On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . mistake, inadvertence, surprise, or excusable neglect; . . . or . . . any other reason that justifies relief." RCFC 60(a)–(b).

A motion for reconsideration must be supported "by a showing of exceptional circumstances justifying relief, based on a manifest error of law or mistake of fact." Cohen v. United States, 98 Fed. Cl. 156, 160 (2011) (citations omitted). To prevail, the movant must show an intervening change in controlling law; evidence not previously available has become available; or the motion is necessary to prevent manifest injustice. Prati v. United States, 82 Fed. Cl. 373, 376 (2008).

The Transfer Statute states:

> Whenever a civil action is filed <u>in a court as defined in section 610 of this title</u> . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to <u>any other such court in which the action or appeal could have been brought</u> at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis added). Section 610, referenced in § 1631, defines courts as follows:

> As used in this chapter the word "courts" includes the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District

2

Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade.

28 U.S.C. § 610. The United States Tax Court is absent from this enumerated list.

II.   Discussion

The courts that may transfer a case under § 1631 are those listed in § 610. Only the federal district courts of the United States and certain territories, the Court of Federal Claims, and the Court of International Trade can transfer a case upon a finding that jurisdiction is lacking according to the plain language of the statute.

The courts to which those courts may transfer—"any other such court in which the action . . . could have been brought"—are not so clearly defined by the plain language of the statute. "[A]ny other such court" is not expressly limited by the enumerated list found in § 610 as is the reference to the transferring courts.

The Court of Appeals for the Federal Circuit has not spoken directly on the question of whether the Tax Court is an acceptable transferee court under the Transfer Statute. However, in an analogous circumstance, the appeals court has construed narrowly the phrase "any other such court in which the action or appeal could have been brought." This narrow construction strongly suggests that the transfer of cases to courts not enumerated in § 610 is not permissible.

In Schafer v. Department of the Interior, the court determined that it lacked jurisdiction and considered whether it should transfer the case to the Federal Labor Relations Authority. 88 F.3d 981, 987 (Fed. Cir. 1996). The court ruled that it could not transfer to the FLRA under § 1631 because the language of the statute permitted transfer only to "courts." Id. The court went on to explain that administrative bodies such as the FLRA are not included within the definition of courts under § 610. Id.

While the Tax Court is not an administrative body like the FLRA, it is nevertheless absent from the enumerated list of courts found in § 610. The appeals court implied in its ruling that any entity, court or administrative tribunal, not found in § 610 would be an impermissible recipient of a transferred case. Language from an unpublished appeals court opinion further supports such a conclusion. See Felder v. Shinseki, 401 Fed. Appx. 551, 2010 WL 4745644 (Fed. Cir. 2010) ([W]e cannot transfer this appeal to the Court of Appeals for Veterans Claims pursuant to 28 U.S.C. § 1631 because it is not a court as defined by 28 U.S.C. § 610 . . . .").

Moreover, other judges of this court have ruled specifically that the Tax Court is not a permissible destination for a transferred case under the Transfer Statute. See, e.g.,

3

DaCosta v. United States, 82 Fed. Cl. 549, 557 (2008) ("The Court concludes that it 'cannot transfer plaintiff[s'] claim to the Tax Court because the Tax Court is not one of the courts to which transfer is permitted by 28 U.S.C. § 610.'" (quoting Russell v. United States, 78 Fed. Cl. 281, 290 (2007))); see also Skillo v. United States, 68 Fed. Cl. 734, 743–47 (2005).

While a transfer of the instant claim may otherwise be "in the interest of justice," and plaintiff's challenge to the Notice of Deficiency she received "could have been brought" in the Tax Court at the time it was filed here, 28 U.S.C. § 1631; see Notice of Deficiency Letter, Aug. 6, 2013, Dkt. No. 1-7, the court concludes that it lacks statutory authority to transfer plaintiff's complaint to the United States Tax Court. The Tax Court is not an enumerated "court" under § 610. See 28 U.S.C. § 610. Reconsideration must be granted to provide relief from the mistake of law on which the transfer order was based. See RCFC 59, 60.[1]

III.     Conclusion

For the foregoing reasons, defendant's motion for reconsideration is **GRANTED**. The court's direction to transfer the case, see Opinion and Order, Dkt. No. 10, is **RESCINDED**; plaintiff's motion to transfer, Dkt. No. 9, is **DENIED**; and plaintiff's complaint is **DISMISSED** without prejudice. The Clerk will enter judgment for defendant.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge

---

[1] The error requiring the court's reconsideration is a "manifest error of law" as described by the case law interpreting RCFC 59(a). See Cohen v. United States, 98 Fed. Cl. 156, 160 (2011) (citations omitted). The court's reconsideration could also be described as relief from an order because of mistake of law as described in RCFC 60. For these reasons, the court declines to parse further the grounds for this dismissal action.