# In the United States Court of Federal Claims
No. 13-845T

(Filed: January 2, 2014)

**FILED**

JAN 2 2014

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| DEBRA K. CLARK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES, )<br>)<br>Defendant. )<br>) | |

## OPINION AND ORDER

Plaintiff filed a complaint in this court on October 29, 2013, requesting a tax refund in the amount of $3537. See Compl., Dkt. No. 1, ¶ 1. Plaintiff states that her complaint was filed to protest an IRS Notice of Deficiency. Id. ¶ 2. The Notice of Deficiency arose from an IRS decision regarding the acceptability of Ms. Clark's Schedule C, Profit or Loss for Business for tax year 2010. Id. ¶ 3. Plaintiff's tax return lists her profession as Dancer/Teacher. Compl., Dkt. No. 1-2, at 3 (Schedule C). Ms. Clark contends that she provided the IRS with all necessary travel logs and credit card, check, and cash receipts, to prove her business expenses. Compl. ¶ 4.

The IRS sent plaintiff a Notice of Deficiency dated August 6, 2013, listing the amount deficient as $3537. Compl., Dkt. No. 1-7, at 1-2 (Notice of Deficiency Letter). An Explanation of Items, Form 886-A, states, "[W]e are unable to accept your tax return as filed for the tax year shown above . . . Based on your information, we will allow travel and other expenses. However, we will continue to disallow the Schedule C Car & Truck expenses because we need verification of repair receipts, inspection slips, receipts, copies of cancelled checks, bank and credit card statements." Compl., Dkt. No. 1-5, at 6 (Form 886-A). The Notice of Deficiency letter explained that if plaintiff wished to contest the determination in court before making a payment, she should file a petition with the United States Tax Court within ninety days. Notice of Deficiency Letter 1.

The court issued an order on November 12, 2013, requesting that plaintiff state by November 26, 2013, whether she had paid the tax at issue in her complaint. Order of Nov. 12, 2013, Dkt. No. 5. "A plaintiff must have paid fully the income tax at issue before filing a complaint in this court." Id. (citing Flora v. United States, 357 U.S. 63,

75 (1958)). After plaintiff failed to respond by the November 26 deadline, the court issued an order to show cause requesting again that plaintiff state whether she had paid the tax. Order of Dec. 5, 2013, Dkt. No. 6. In her response to the court's show cause order, Ms. Clark advises that she filed timely but in the wrong court and requests transfer of her claim to the Tax Court.[1] See Mot. to Transfer, Dkt. No. 9. The court has construed plaintiff's filing as both a response to our show cause order and as a motion to transfer.

I.   Legal Standards

Complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, pro se plaintiffs must meet jurisdictional requirements. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (2004).

The court may question its own subject-matter jurisdiction at any time. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)).

The Court of Federal Claims has jurisdiction over tax refund suits pursuant to its Tucker Act jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2006). However, a tax refund suit is jurisdictionally defective in this court if the tax assessed has not been fully paid before the filing of the complaint. Flora, 357 U.S. at 75.

When this court determines that it lacks jurisdiction, it must transfer the case to a court where the action could have been brought if the transfer "is in the interest of justice." 28 U.S.C. § 1631.

II.   Discussion

Plaintiff has not alleged that she has paid the tax at issue in her tax refund suit. This court does not have jurisdiction to entertain her claim unless the tax has been paid

---

[1] Plaintiff's filing was received without copies as required by RCFC 5.5(d)(2). See RCFC 5.5(d)(2) ("[A] party must file an original and 2 copies of any filing."). The response was filed by leave of the court.

in full. See Flora, 357 U.S. at 75. Plaintiff recognizes that her claim should have been brought before the Tax Court.

The court next considers whether the claim merits transfer. Plaintiff attached to the complaint the Notice of Deficiency letter from the IRS, which contained instructions to file a petition with the Tax Court if plaintiff wished to contest the IRS determination before making any payment. See Notice of Deficiency Letter 1. Plaintiff's deadline to petition the tax court was November 4, 2013. See id. Plaintiff filed suit in this court on October 29, 2013. See generally Compl. According to plaintiff's letter from the IRS, plaintiff's attempt to protest the Notice of Deficiency would have been brought properly in the Tax Court on the date she filed here. The court therefore determines that the transfer of plaintiff's complaint to the United States Tax Court is "in the interest of justice." 28 U.S.C. § 1631.

III.   Conclusion

For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's claim. Plaintiff's motion to transfer is **GRANTED**. Pursuant to 28 U.S.C. § 1631, the complaint is **TRANSFERRED** to the United States Tax Court.

IT IS SO ORDERED.

*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Chief Judge